## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Aaron I. Sari,

|  |  |  |
|---|---|---|
| | Plaintiff, | **MEMORANDUM OPINION** |
| | | **AND ORDER** |
| v. | | Civil No. 12-1780 ADM/FLN |

Wells Fargo Bank, N.A.,

Defendant.

_____

Michael J. Wang, Esq., and Jonathan L. R. Drewes, Esq., Drewes Law, PLLC, Minneapolis, MN, on behalf of Plaintiff.

Trista M. Roy, Esq., and Charles F. Webber, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Defendant.

_____

## I.  INTRODUCTION

On September 19, 2012, the undersigned United States District Judge heard oral argument on Defendant Wells Fargo Bank's Motion to Dismiss [Docket No. 3].  For the reasons discussed below, Defendant's Motion to Dismiss is denied.

## II.  BACKGROUND

The Parties agree on the underlying facts restated here.  Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss 2–3.  Wells Fargo Bank is attempting to foreclose on Plaintiff's property in Minnetonka, MN.  Def.'s Mem. in Supp. Mot. to Dismiss 2.  By September 2011, Sari and his wife defaulted on their mortgage loan from Wells Fargo Bank.[1]  Id.  On September 22, 2011, the Bank directly served Sari with a Notice of Foreclosure Sale.  Id.  Wells Fargo chose to proceed to sale by advertisement and published the Notice of Foreclosure Sale in *Finance and Commerce*

_____

[1] Traci A. Sari, Plaintiff's wife, is no longer a party to this case, having terminated representation as of August 21, 2012.

for six weeks, from September 24 through October 29, 2011.  Id.  On September 26, 2011, two

days after the first date of publication of the Notice of Foreclosure Sale, Wells Fargo recorded a

Notice of Pendency of the foreclosure in the real estate records of Hennepin County, Minnesota.

Id. at 3.  On January 11, 2012, the property was sold at a Sheriff's sale.  Id.  Sari remains in

possession of the foreclosed property.  Pl.'s Mem in Opp'n at 4.

The parties dispute the interpretation and application of Minnesota Statute §580.032,

Subd. 3, which provides, "A person foreclosing a mortgage by advertisement shall record a

notice of the pendency of the foreclosure with the county recorder or registrar of titles in the

county in which the property is located **before the first** date of publication of the foreclosure

notice but not more than six months before the first date of publication." (emphasis added).

Wells Fargo recorded its Notice of Pendency on September 26, 2011, two days after the first date

of publication, September 24, 2011.

### III.  DISCUSSION

The Minnesota legislature provided a framework for non-judicial foreclosures by

advertisement. The Minnesota courts have upheld these non-judicial ex-parte foreclosures if the

foreclosing party strictly complies with the state law. Jackson v. Mortg. Elec. Registration Sys.,

770 N.W.2d 487, 494 (Minn. 2009) (citing, Soufal v. Griffith, 198 N.W. 807, 809 (Minn. 1924)).

**A.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"

Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded]

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S.

544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must

raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and

conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to

state a claim."  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). This

standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of [the claim]."  Twombly, 550 U.S. at 556.

## B.  State Law

On questions of state law, a federal court usually must apply the rulings from that state's

highest court.  See e.g. In re W. Iowa Limestone, Inc., 538 F.3d 858, 866 (8th Cir. 2008); Hok

Sport, Inc. v. FC Des Moines, L.C., 495 F.3d 927, 934-35 (8th Cir. 2007).  But if a state court

has not ruled on a particular question, a federal court must determine how the state's highest

court would rule, considering similar state-court decisions, appropriate dicta, and other reliable

information.  See Myers v. Lutsen Mountains Corp., 587 F.3d 891, 896 (8th Cir. 2009).

## C.  Analysis

Banks can foreclose on properties in a foreclosure by action claim filed with and litigated

in the Minnesota courts.  Minn. Stat. Chapter 581.  If Banks find this process expensive or

burdensome, the Minnesota legislature has allowed foreclosing parties to proceed against a

defaulting party's property through foreclosure by advertisement as established in Minn. Stat.

Chapter 580.

### 1. Strict Compliance

Minnesota state courts have required strict compliance with the Minnesota legislature's foreclosure by advertisement requirements. Most recently in 2009, the Minnesota Supreme Court discussed its understanding of Minn. Stat. Ch. 580,

> Foreclosure by advertisement was developed as a non-judicial form of foreclosure designed to avoid the delay and expense of judicial proceedings. Because foreclosure by advertisement is a purely statutory creation, the statutes are strictly construed. We require a foreclosing party to show exact compliance with the terms of the statutes. If the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void.

Jackson, 770 N.W.2d at 494 (internal quotations and citations omitted). This explanation reflects a 150-year history in Minnesota of holding foreclosing parties to strict compliance for foreclosures by advertisement. As the court explained as far back as 1860, the legislature is allowing a foreclosing party to take "the remedy in his own hands, by an ex parte proceeding. . . ." Spencer v. Annan, 4 Minn. 542, 544 (1860) (finding a sale void when the notice overstated the amount due on the mortgage, discouraging competition at the foreclosure sale), therefore the law must be followed scrupulously. See also, Moore v. Carlson, 112 Minn. 433, 434 (1910) ("One who avails himself of [foreclosure by advertisement statutes] must show an exact and literal compliance with its terms; otherwise he is bound to profess without authority of law").

Minnesota Statute Section 580.032, subd. 3 requires a foreclosing party in a foreclosure by advertisement proceeding to "record a notice of the pendency of the foreclosure with the county recorder or registrar of titles in the county in which the property is located before the first date of publication of the foreclosure notice but not more than six months before the first date of publication." (emphasis added). In this Motion to Dismiss, the Court assumes the facts alleged in the Complaint are true. Wells Fargo filed its notice of pendency two days after the first date

of publication; therefore, it did not strictly comply with Minn. Stat. Section 580.032, subd. 3.

### 2. The Holmes Case

Wells Fargo Bank argues that Holmes v. Crummett, 30 Minn. 23 (1882) sets the precedent for this case.  A plaintiff mortgagor objected to foreclosure by advertisement because, although notice was served upon plaintiff, no notice was served upon a tenant in possession of the property.  Id.  The statute required notice of the foreclosure sale to be served "on the person in possession of mortgaged premises. . . ."  Id. at 24.  Instead of ruling based on the standing of the plaintiff to bring the claim or on a strict reading of the statute, the Minnesota Supreme Court looked at the question of "whether the plaintiff was barred of his equity of redemption by the foreclosure proceedings."  Id. at 25.  The last time the Minnesota Supreme Court cited Holmes was in 1934.  Rhode Island Hosp. Trust Co. v. Calhoun Beach Holding Co., 191 Minn. 354, 356 (1934) (finding a tenant was not a "person in possession of the mortgaged premises").   The Minnesota Court of Appeals revived the Holmes discussion in Farm Credit Bank v. Kohnen, 494 N.W.2d 44, 48 (Minn. Ct. App. 1992), analyzing the history of foreclosure by advertisement cases in Minnesota.  The Court of Appeals interpreted the notice of sale and service on occupant, Minn. Stat. 580.03, to mean the foreclosing party must notify "only the occupant with the superior property interest."  In addition, the Court decided that if the "parties to be foreclosed upon were not prejudiced by the lack of notice, again courts have uniformly held that service was valid."  Id.  But see Ruiz v. 1st Fid. Loan Servicing, LLC, 2012 Minn. App. Unpub. LEXIS 203, *7-8 (Minn. Ct. App. Mar. 12, 2012) (in a summary judgment context finding the foreclosure proceeding void where a foreclosing party failed to strictly comply with section 580.032).

Section 580.032, subd. 3 was added to Chapter 580 in 1992.  The Minnesota Supreme Court has not ruled directly on the question of compliance with Minn. Stat. Section 580.032, subd. 3.  But, the language of the statute is clear, "a person foreclosing a mortgage by advertisement <u>shall</u> record a notice of pendency of the foreclosure with the county recorder or registrar of titles in the county in which the property is located <u>before</u> the first date of publication of the foreclosure notice but not more than six months before the first date of publication."  <u>Id.</u> (emphasis added).  As explained above, a federal court must apply the rulings of the state courts when construing state law.  But if a state court has not ruled on a particular question, a federal court must determine how the state's highest court would rule, considering similar state-court decisions, appropriate dicta, and other reliable information.  <u>Myers</u>, 587 F.3d at 896.  Given the Minnesota Supreme Court's recent clear statement of statutory purpose in <u>Jackson</u>**,** 770 N.W.2d at 494, this Court is convinced that the state courts would require strict compliance with this state law.

Although <u>Holmes</u> has not been explicitly overruled, Wells Fargo's reliance on it and on <u>Farm Credit</u> is rejected on two grounds.  First, both cases deal with tenants, whose interests were described as inferior to that of the owners.  The rulings came from a confusion about the meaning of "person in possession of the mortgaged premises" under Minn. Stat. Section 580.03. Here, the owner is alleging failure to comply with the statute on behalf of himself, not on behalf of a tenant.  In addition, Minn. Stat. Section 580.032, subd. 3 does not explicitly state for whom the notice of pendency is recorded.  But if the notice is for the benefit of the public, the owner cannot be excluded from that group.

Second, the rules of statutory construction dictate that the legislature designed the statute

to require strict compliance.  Regardless of previous statutory interpretations from the 1800s, the legislature added  Minn. Stat. Section 580.032 to guide foreclosing parties in the proper method of non-judicial foreclosure by advertisement.  Subdivision 1 has permissive language.  It provides a "person with a redeemable interest . . . <u>may</u> record a request for notice." (emphasis added).  The legislature could have easily made Subdivision 3 permissive as well.  Subdivision 5 provides that failure to mail notice of the sale in accordance with Subdivision 4 does not invalidate the foreclosure.  And Subdivision 6 provides remedies for that failure to follow Subdivision 4.  In contrast, Subdivision 3 has mandatory language and no further Subdivisions provide remedy for failure.  Nor is there a Subdivision upholding as valid a foreclosure that fails to follow Subdivision 3.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Wells Fargo Bank's Motion to Dismiss [Docket No. 3] is **DENIED.**

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 10, 2012.

7