UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron I. Sari,

                Plaintiff,                      **MEMORANDUM OPINION AND ORDER**

v.                                    Civil No. 12-1780 ADM/FLN

Wells Fargo Bank, N.A.,

                Defendant.

_____

Michael J. Wang, Esq., and Jonathan L.R. Drewes, Esq., Drewes Law, PLLC, Minneapolis, MN, on behalf of Plaintiff.

Charles F. Webber, Esq., Trista M. Roy, Esq., and Elizabeth A. Walker, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On July 25, 2013, the undersigned United States District Judge heard oral argument on Plaintiff Aaron I. Sari's Motion for Summary Judgment [Docket No. 24]. For the reasons discussed below, Plaintiff's motion for summary judgment is denied.

## II. BACKGROUND

The facts of this case are undisputed. Sari defaulted on his mortgage loan from Wells Fargo Bank. Wells Fargo initiated foreclosure proceedings against Sari's property in Minnetonka, Minnesota. On September 22, 2011, Wells Fargo served Sari with a Notice of Foreclosure Sale. Exs. Supp. Mot. to Dismiss [Docket No. 7] 23-25. Then, on September 24, 2011, Wells Fargo began publishing a Notice of Foreclosure Sale in Finance and Commerce. Id. at 19. On September 26, 2011, Wells Fargo recorded a Notice of Pendency in the real estate records of Hennepin County, Minnesota. Id. at 20-22. The property was sold at a sheriff's sale

1

on January 11, 2012.

The dispute concerns the interpretation and application of Minnesota Statute § 580.032, Subd. 3 (2012), which provides, "A person foreclosing a mortgage by advertisement shall record a notice of the pendency of the foreclosure with the county recorder or registrar of titles in the county in which the property is located **before** the first date of publication of the foreclosure notice but not more than six months before the first date of publication" (emphasis added). Wells Fargo recorded its Notice of Pendency on September 26, 2011, two days after the first date of publication, September 24, 2011.

### III. DISCUSSION

**A. Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

**B. Minnesota Law**

On questions of state law, a federal court usually applies the rulings from that state's highest court. See, e.g., In re W. Iowa Limestone, Inc., 538 F.3d 858, 866 (8th Cir. 2008); Hok Sport, Inc. v. FC Des Moines, L.C., 495 F.3d 927, 934-35 (8th Cir. 2007). But if a state court has not ruled on a particular question, a federal court must determine how the state's highest court would rule, considering similar state-court decisions, appropriate dicta, and other reliable information. See Myers v. Lutsen Mtns. Corp., 587 F.3d 891, 896 (8th Cir. 2009). A ruling by

the Eighth Circuit Court of Appeals is binding precedent on this Court. BPS Guard Servs., Inc. v. NLRB, 942 F.2d 519, 524 (8th Cir. 1991).

**C. Analysis**

The Eighth Circuit Court of Appeals recently held that a homeowner cannot challenge a foreclosure proceeding as not complying with Minn. Stat. § 580.032, subd. 3 because that particular statute is not directed to the protection of the homeowner's interests. Badrawi v. Wells Fargo Home Mortg., Inc., 718 F.3d 756, 759 (8th Cir. 2013). Wells Fargo argues that Badrawi is controlling authority in this case and requires judgment in its favor. Def.'s Letter [Docket No. 30] 1. Sari concedes that his claim cannot be distinguished from the claim presented in Badrawi, but he disagrees with the ruling in Badrawi and requests that this Court certify a question on its applicability to the Minnesota Supreme Court. Pl.'s Letter [Docket No. 31] 1.

    **1. Badrawi v. Wells Fargo Home Mortgage, Inc.**

The plaintiff in Badrawi challenged the foreclosure on her property on the ground that the bank failed to comply with Minn. Stat. § 580.032, subd. 3. 718 F.3d at 757. Instead of recording a Notice of Pendency in the county real estate records **before** publishing a Notice of Foreclosure Sale in a newspaper, as the text of Minn. Stat. § 580.032, subd. 3. requires, the bank did both on the same day. Id. The Eighth Circuit held that the plaintiff's claim against the bank for failure to comply with Minn. Stat. § 580.032, subd. 3, was not viable. Id. at 759. The court acknowledged that the Minnesota Supreme Court has required strict compliance with the statutes governing foreclosure by advertisement, but it concluded that the plaintiff could not challenge the foreclosure because "[she] is not among the class whose interests Minn. Stat. § 580.032,

3

subd. 3. was enacted to protect." Id. Instead, the court found that the statute was meant "to protect the interest of third parties who own a 'redeemable interest' in mortgaged property which might be jeopardized if the mortgagor foreclosed without notice." Id. The court relied in its decision on the Minnesota Supreme Court's case of Holmes v. Crummett, which held that "a homeowner may not set aside a foreclosure based on 'an omission of some prescribed act which cannot have affected him, and cannot have been prescribed for his benefit.'" Id. (quoting Holmes v. Crummett, 13 N.W. 924, 924 (Minn. 1882)).

The Court concludes that Badrawi controls the outcome of the present case and requires judgment in favor of Wells Fargo. Sari's claim is very similar to the claim in Badrawi. See Am. Compl. [Docket No. 8] ¶ 12. The only difference is that in this case the bank filed its Notice of Pendency two days late instead of on the same day. Since Sari is the homeowner, he is not in a position to challenge the foreclosure on this ground according to the Eighth Circuit's decision in Badrawi, 718 F.3d at 759. Eighth Circuit decisions are binding authority on this Court, and applying Badrawi to this case clearly results in a judgment for Wells Fargo. The Court converts Wells Fargo's Response to Plaintiff's Motion for Summary Judgment [Docket No. 28] to a cross motion for summary judgment because both parties briefed and argued the effect of the Badrawi decision on the disposition of this case. See Fed. R. Civ. P. 56(f); Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence"). Prolonging this by requiring Wells Fargo to bring its own summary judgment motion would result in the same arguments already addressed here and would not be an efficient use of the parties' or the Court's resources.

4

## 2. Certification to the Minnesota Supreme Court

Sari requests that this Court certify a question about Minn. Stat. § 580.032, subd. 3 to the Minnesota Supreme Court because the Eighth Circuit's decision in Badrawi conflicts with the Minnesota Court of Appeals decision in Ruiz v. 1st Fidelity Loan Servicing, LLC, No. A11-1081, 2012 WL 762313 (Minn. Ct. App. Mar. 12, 2012). The Minnesota Supreme Court "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state." Minn. Stat. § 480.065, subd. 3 (2012). Use of a state's certification procedure by a federal district court rests in the court's sound discretion. Lehman Bros. v. Schein, 416 U.S. 386, 390-91 (1974); Allstate Ins. Co. v. Steele, 74 F.3d 878, 881-82 (8th Cir. 1996). The Court's "most important" consideration in deciding whether to certify a question to a state court is whether the Court "finds itself genuinely uncertain about a question of state law." Johnson v. John Deere Co., 935 F.2d 151, 153 (8th Cir. 1991) (quoting Tidler v. Eli Lilly & Co., 851 F.2d 418, 426 (D.C. Cir. 1988)).

The Court concludes that this case does not warrant a certified question to the Minnesota Supreme Court. The Badrawi decision is binding authority on this Court, and its interpretation of Minn. Stat. § 580.032, subd. 3 is grounded in the Minnesota Supreme Court's decision in Holmes, 13 N.W. at 924. Although the Minnesota Supreme Court has not cited Holmes recently, the case has never been overruled and has been cited favorably in a decision of the Minnesota Court of Appeals. See Farm Credit Bank of St. Paul v. Kohnen, 494 N.W.2d 44, 47 (Minn. Ct. App. 1992). The only authority that supports Sari's interpretation of Minn. Stat. § 580.032, subd. 3 is the Minnesota Court of Appeals decision in Ruiz, No. A11-1081, 2012 WL 762313

5

(Minn. Ct. App. Mar. 12, 2012).  But, that decision is unpublished and thus is not precedential. See Vlahos v. R&I Constr. of Bloomington, Inc., 676 N.W.2d 672, 676 n.3 (Minn. 2004).  Based on this set of authorities, this Court cannot say that it is genuinely uncertain about the interpretation of Minn. Stat. § 580.032, subd. 3.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment [Docket No. 24] is **DENIED**; and,

2. Defendant's Motion for Summary Judgment is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 5, 2013.